SUCCESSORS OF VILLAR, SÁNCHEZ & Co., Plaintiffs and Appellees, *v.* FRANCISCO CINTRÓN and JUSTINIANO LÓPEZ SOTO, Defendants and Appellants.

No. 3853. Argued March 12, 1926.—Decided June 10, 1926.

A. *L. López* and *Julio Reguero* for the appellants. *Harry F. Besosa* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiffs as the successors of Villar, Sánchez & Co. brought suit to recover a balance of $546.93 alleged to be due on a promissory note for $643.10 after crediting thereon a payment admitted to have been made amounting to $96.17.

Defendants appeal from an adverse judgment and specify as errors committed by the court below the following:

"First: In estimating that the complaint states facts sufficient for the cause of action in the recovery of money which is therein set forth.

"Second: In finding that the plaintiff is the legal successor of Villar, Sánchez & Company.

"Third: In failing to find a novation of the obligation the collection of which is sought."

The case was called for trial in the district court on March 3, 1925, and defendants having failed to appear, plaintiffs introduced their evidence and obtained a judgment pursuant to the prayer of the complaint.

On March 30th, at the instance of defendants, the district court set aside the judgment last above mentioned in order that defendants might have an opportunity to present their evidence.

Another judgment rendered on September 16, 1925, recites that on January 5, 1925, a demurrer was overruled as frivolous, and defendants were given an opportunity to answer under oath.

The answer filed on January 14, 1925, admits, among other things, the making of the note, denies for want of information certain minor averments and sets up as a special defense the following new matter:

"2. That before said obligation became due, that is, on April 5, 1922, the defendants herein were adjudged voluntary bankrupts by the United Stated District Court for the District of Porto Rico.

"3. That in the schedule filed in the said bankruptcy proceedings by the bankrupts, defendants herein, the plaintiff herein appears as a creditor for the sum of $643.10 which is the amount of the obligation to which this case refers and the enforcement of which is sought.

"4. That an offer of 15 per cent to be paid 30 days after acceptance thereof and confirmation by the court, and 10 per cent within a year from the date of its acceptance and confirmation, was made by the then bankrupts, defendants herein.

"5. That said offer was accepted by a majority of the creditors, both in number and amount, and the said proposition was duly approved by the United States Court for Porto Rico on December 23, 1924.

"6. That in order to pay the 15 per cent and 10 per cent above mentioned, the defendants herein, under the name of Cintrón, López & Co., subscribed and delivered to the plaintiff the promissory notes which literally transcribed are as follows:

" 'On January 15, 1923.—For $105.14.—We, Cintrón, López & Co., promise to pay to Villar, Sánchez & Co. on January 15, 1923, $105.14, which amount is 15 per cent of their credit in the bankruptcy proceedings of Cintrón, López & Co.—Cidra, P. R., November 14, 1922.—(Signed) Cintrón, López & Co., by Justo L. López.'

" 'On January 15, 1924.—For $70.09.—We, Cintrón, López & Co., promise to pay to Villar, Sánchez & Co. on January 15, 1924, $70.09, which amount is 15 per cent of their credit in the bankruptcy

proceedings of Cintrón, López & Co.—Cidra, P. R., November 14, 1922.—(Signed) Cintrón, López & Co., by Justo L. López.'

"7. That the defendant Francisco Cintrón paid to the plaintiff partnership on November 19, 1923, on account of the promissory note for $105.14 above transcribed the sum of $96.47, and for which the corresponding receipt was given.

"8. That under the Bankruptcy Law the acceptance and approval of the said offer of composition was binding from its date on all former creditors of the defendants herein."

█ The theory of the first proposition submitted by appellants upon authority of *Schlüter & Co.* v. *González*, 34 P.R.R. 292, is that the complaint does not allege delivery of the note to the predecessors in interest of plaintiffs. The testimony for plaintiffs tends to show delivery of the note by them to their attorney prior to the date of the trial. In the absence of any indication in the record as to the nature of the demurrer overruled as frivolous by the court below, the omission here complained of may be regarded as having been supplied by the evidence.

█ The first averment of the complaint included the statement that plaintiffs were the successors of Villar, Sánchez & Co. and had taken over all the assets and assumed all the liabilities of the firm last mentioned. The first paragraph of the answer for want of information in this regard denied such averment. But the positive portions of the pleading last mentioned as shown by the extract, *supra*, admitted that plaintiffs had been listed by defendants upon their bankruptcy schedules as creditors for the amount named in the note set forth in the amended complaint.

The new notes set forth in the answer are said to have been delivered to plaintiffs. The payment of $96.47 is alleged by defendants to have been made to plaintiffs. The receipt referred to and subsequently introduced in evidence by defendants bears the signature of the plaintiff firm. In the circumstances the failure on the part of the plaintiffs to prove that they were in fact the successors of Villar, Sánchez & Co. can not be successfully urged as a ground for reversal.

From the evidence adduced at the trial it appears that the offer of composition, which included the promissory notes, proposed at that time and described in the answer, was made by Cintrón, López & Co.; that the order of confirmation was requested by that firm and that the order itself as made did not include the individual partners. Relying upon these and other details more or less at variance with the averments of the answer, appellees insist that the individual partners were never discharged from liability upon their original obligation. In this connection we are referred to the following authorities: *In re Bertenshaw*, 19 Amer. B. R. 577; *Everybody's Market*, 21 Amer. B. R. 925; *Junck & Baltazard*, 22 Amer. B. R. 298; 1 Amer. B. R. (New Series) 711; Colliers, 13th Ed. 437; 2 Amer. B. R. (New Series) 619; *Curlee Clothing Co.* v. *Hamm*, Colliers, 13th Ed. 250; *Deiv Breitbart and Sam Arbertel*, 1 Amer. B. R. (New Series) 712; Colliers, 13th Ed. 437.

We need not discuss the merits of this contention nor those of the theory as to novation. The argument for appellants assumes that the mere acceptance by plaintiffs of the new notes given by the bankrupt firm in the circumstances surrounding delivery thereof in the instant case, and of the partial payment subsequently made upon one of such notes, amounts to an accord and satisfaction.

Without undertaking at this time to establish conclusively the unsoundness of the premise involved, we may refer to *In re Carson & Co.*, 148 Fed. 63, and *In re Kinnane Co.*, 221 Fed. 762, as a starting point for investigation along this line.

In the absence of any satisfactory showing that the attitude and action of plaintiffs herein amounted to anything more than a tentative acceptance of the new notes pending and contingent upon payment thereof at maturity, we are constrained to hold there was neither the express substitution nor the manifest incompatibility necessary to constitute novation under the provisions of our Civil Code.

The judgment appealed from must be affirmed.